

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                  Plaintiff,

    –against–

STERLING JEWELERS INC.,

                  Defendant.
-----------------------------------------------------------X

Civil Action No.

## COMPLAINT

JURY TRIAL DEMANDED

08 CV 0706

08 CV 0706

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to a class of employees who were adversely affected by such unlawful practices. Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Sterling Jewelers Inc. ("Sterling") pays its female retail sales employees less than male employees performing substantially equal work and denies female employees promotional opportunities for which they are qualified. As alleged with greater particularity in paragraphs 6-11 below, Sterling's promotion and compensation policies have had the effect and have been undertaken with the purpose of denying promotional opportunities and equal compensation to qualified female employees because of their sex.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1)

and (3) and -6. ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for Western District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Sterling has continuously been a Delaware corporation, doing business in the State of New York and the City of Buffalo, and has continuously had at least 15 employees.

5. At all relevant times, Sterling has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF TITLE VII CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Laryssa Jock filed a charge with the Commission alleging violations of Title VII by Sterling. Charges alleging similar violations by Sterling were subsequently filed by Jacquelyn Boyle, Christy Davies, Lisa Follett, Marie House, Carol King, Denise Maddox, Lisa McConnell, Carolyn Morse, Gloria Pagan, Judy Reed, Linda Rhodes, Khristina Rodrigues, Sharon Scroggins, Nina Shahmirzadi, Tana Shiver, Leighla Smith, Dawn Souto-Coons, and Marie Wolf (collectively "Charging Parties"). All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 1, 2003, Sterling has engaged in unlawful employment practices throughout its stores nationwide in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), as detailed below:

(a) Sterling has intentionally discriminated against female retail sales employees by maintaining a system for making promotion and compensation decisions that is excessively subjective and through which Sterling has permitted or encouraged managers to deny female employees equal access to promotion opportunities and the same compensation paid to similarly situated male employees.

8. Since at least January 1, 2003, Sterling has engaged in unlawful employment practices throughout its stores nationwide in violation of Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k), as detailed below:

(a) Sterling has maintained a system for making promotion and compensation decisions that is excessively subjective and that has a disparate impact on female retail sales employees, and that is not consistent with business necessity, or if it could be so justified, less discriminatory alternatives exist that could equally serve that necessity.

9. The effect of the practices complained of in paragraphs 7-8 above has been to deprive Charging Parties and other similarly situated female retail sales employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

10. The unlawful employment practices complained of in paragraphs 7-8 above were and are intentional.

11. The unlawful employment practices complained of in paragraphs 7-8 above were and are done with malice or with reckless indifference to the federally protected rights of Charging Parties and Sterling's other female retail sales employees.

3

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Sterling, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sex discrimination as described herein.

B. Order Sterling to institute and carry out policies, practices and programs that provide equal employment opportunities for women and that eradicate the effects of its past and present unlawful employment practices.

C. Order Sterling to make whole Charging Parties and other female retail sales employees, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to pay increases and/or promotions of Charging Parties and other female retail sales employees.

D. Order Sterling to make whole Charging Parties and other female retail sales employees by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 7-8 above, including relocation expenses, job search expenses, and medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined at trial.

E. Order Sterling to make whole Charging Parties and other female retail sales employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7-8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Sterling to pay Charging Parties and other female retail sales employees punitive damages for its malicious and/or reckless conduct described in paragraphs 7-8 above, in an amount to be determined at trial.

G.      Grant such further relief as this Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

Elizabeth Grossman
Regional Attorney
elizabeth.grossman@eeoc.gov

Jacqueline McNair
Regional Attorney
jacqueline.mcnair@eeoc.gov

Debra Lawrence
Supervisory Trial Attorney
debra.lawrence@eeoc.gov

Margaret A. Malloy
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, New York District Office
33 Whitehall St, 5th Floor
New York NY 10004
(212) 336-3690
margaret.malloy@eeoc.gov