UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION,

                Plaintiff,

                              **DECISION AND ORDER**
                              08-CV-706A

       v.

STERLING JEWELERS, INC.,

                Defendant.

---

## INTRODUCTION

On January 19, 2010, defendant filed a motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendant asserts that this case meets the criteria in Section 1292(b) for two specific issues: whether the 300-day limitation period set forth in 42 U.S.C. § 2000e-5(f)(1) applies to the EEOC; and whether, if it does, the "continuing violation" doctrine prevents partial dismissal of the EEOC's complaint. In opposition, plaintiff notes that the parties have agreed to seek permission to bifurcate the case and that the issues in question would not affect the initial determination of liability. For the reasons below, the Court will deny defendant's motion.

## BACKGROUND

This case concerns allegations of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to 2000e-17. In the complaint, filed on September 23, 2008, plaintiff accused defendant of maintaining a system of discriminatory promotion and compensation decisions against its female retail sales employees. Plaintiff asserted in the complaint that the allegedly discriminatory conduct has occurred since at least January 1, 2003. Plaintiff claimed specifically that defendant has been violating 42 U.S.C. §§ 2000e-2(a) and 2000e-2(k).

On November 25, 2008, defendant filed a motion to dismiss any aspects of the complaint seeking relief for alleged discrimination prior to July 22, 2004. Defendant maintained in that motion that the EEOC is not exempt from the 300-day limitation period set forth in 42 U.S.C. § 2000e-5(e)(1). Consequently, defendant argued, any allegations predating July 22, 2004 were untimely and could not be revived using the "continuing violation" doctrine. After full briefing and oral argument from the parties, Magistrate Judge Jeremiah J. McCarthy issued an Amended Report and Recommendation on October 1, 2009 recommending denial of defendant's motion. After briefing and oral argument for objections, this Court adopted the Amended Report and Recommendation in an Order filed on January 6, 2010.

Defendant now brings the pending motion to certify the same issues from its prior motion for immediate appeal to the United States Court of Appeals for the Second Circuit. In support of its motion, defendant notes that both Magistrate Judge McCarthy and this Court acknowledged a split of authority on the issues in question. Defendant asserts further that the course of this litigation could change dramatically and could lead to a significantly longer or shorter trial depending on how the Second Circuit resolves these issues. In opposition, plaintiff notes that both sides agree to seek permission to bifurcate this case into what they call "Stage I" and "Stage II."[1] In Stage I, plaintiff argues, a jury would determine only whether defendant is liable for engaging in a pattern or practice of discrimination. The scope of individual claims would apply only in Stage II, which, according to plaintiff, means that the issues that defendant has raised will have no impact on the case until fairly late in the litigation.

**DISCUSSION**

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of

---

[1] Plaintiff filed a motion seeking permission (Dkt. No. 85) on February 12, 2010 and asserted that the "EEOC and Sterling seek bifurcation of discovery and trial into a Stage I liability phase and a Stage II individual relief phase." (*Id.* at 7.) The Court makes no comment about the propriety of granting the motion, but notes that an assessment of liability can precede a calculation of damages—during dispositive motions or at trial—with or without bifurcation.

opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). Under the first criterion for interlocutory appeals, the Court's concern is whether the two legal issues that defendant has raised qualify as "controlling." "Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) (citation omitted). Here, with or without bifurcation, the Court can arrange for an assessment of individual claims to occur after a determination that defendant is liable generally for discriminatory conduct. The issues that defendant has raised, therefore, will not "control" the issue of liability or any depositions, interrogatories, document requests, or other discovery proceedings that may help develop it. Additionally, plaintiff asserted in the complaint that the alleged discriminatory conduct occurred *since* at least January 1, 2003. Plaintiff's wording indicates that it believes that the discriminatory conduct is continuing through the present time. As a result, none of plaintiff's claims will disappear from this case even if the Second Circuit agreed with defendant. Defendant's appeal, at most, would cut approximately 18 months' worth of potential claims from this case but leave in place over six years' worth of identical claims. *Cf. In re Buspirone Patent Litig.*, 210 F.R.D. 43, 51

(S.D.N.Y. 2002) (denying certification of an interlocutory appeal where at least some claims would proceed regardless of the outcome of that appeal). If defendant's concern about the timeliness of some of the individual claims relates only to the size of a damages award then it can seek a stay of payment on those claims pending appeal of an adverse final judgment.

Without a controlling question of law, the Court need not address the other criteria that defendant would have to meet for an interlocutory appeal.

## CONCLUSION

For all of the foregoing reasons, defendant's motion (Dkt. No. 69) is denied. This case is referred back to Magistrate Judge McCarthy for further proceedings.

SO ORDERED.

                *s/ Richard J. Arcara*
                HONORABLE RICHARD J. ARCARA
                UNITED STATES DISTRICT JUDGE

DATED: February 26, 2010