UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.

STERLING JEWELERS INC.,

      Defendant.

---

**DECISION AND ORDER**

08-CV-00706(A)(M)

    This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a decision on non-dispositive motions [22].[1] Before me are the motion of plaintiff Equal Employment Opportunity Commission ("EEOC") for a protective order to prohibit a Fed. R. Civ. P. ("Rule") 30(b)(6) deposition of its representative, to strike certain discovery requests propounded by defendant Sterling Jewelers Inc. ("Sterling") and to permit it to participate in the depositions occurring in the parrallel arbitration of <u>Jock, et al. v. Sterling Jewelers Inc.</u>, AAA Case No. 1 160 00655 08 (the "arbitration") [109], and the motion of the arbitration claimants to intervene for the limited purpose of inclusion in the protective order governing the confidentiality of the discovery to be exchanged in this case [125]. Oral argument was held on June 8, 2010 and July 9, 2010.

    For the following reasons, I order that the EEOC's motion for a protective order be granted in part and denied in part, and that the arbitration claimants' motion to intervene be granted.

---

[1]   Bracketed references are to the CM/ECF docket entries.

## BACKGROUND

The EEOC commenced this gender discrimination action pursuant to Sections 706 and 707 of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§2000e-5(f)(1) and (3) and 2000e-6). The complaint alleges that "since at least January 1, 2003, Sterling has engaged in unlawful employment practices throughout its stores nationwide . . . by maintaining a system for making promotion and compensation decisions that is excessively subjective and through which Sterling has permitted or encouraged managers to deny female employees equal access to promotion opportunities and the same compensation paid to similarly situated male employees" ([1], ¶7(a)), and by "maintain[ing] a system for making promotion and compensation decisions that is excessively subjective and that has a disparate impact on female retail sales employees". Id., ¶8(a).

Despite the age of this case, it is essentially at its infancy with respect to the exchange of discovery. To date, there remains a pending motion to bifurcate discovery [85] and no Case Management Order has been implemented.

Following a series of informal conferences with the parties to resolve their preliminary discovery disputes, I directed the EEOC to file this motion addressing the issues which could not be resolved [101]. The EEOC's motion seeks a protective order prohibiting Sterling from conducting a Rule 30(b)(6) deposition of the EEOC's representative, striking certain of Sterling's document requests and interrogatories, and permitting the EEOC to participate in the depositions occurring in the arbitration [109]. Thereafter, the arbitration

claimants moved to intervene for the limited purpose of being included in the protective order governing the confidentiality of the discovery to be exchanged in this case [125].[2]

## ANALYSIS

A.  The EEOC's Motion for a Protective Order

    1.  Sterling's Right to a Rule 30(b)(6) deposition

The EEOC seeks to "prohibit Sterling . . . from proceeding with its proposed deposition of EEOC, which rather than being an effort to obtain any relevant or admissible evidence, is an effort to depose EEOC's attorney's and otherwise intrude on privileged matters". EEOC's Memorandum of Law [110], p. 1. In response, Sterling argues, *inter alia*, that the proper method for addressing the EEOC's concerns is to allow the EEOC to assert its objections, as appropriate, at the deposition. Sterling's Memorandum of Law [117] p. 9. I agree with Sterling.

I cannot address these issues in the abstract. "Unless and until Defendants actually ask a question at the deposition that intrudes upon the deliberative process privilege or any other alleged applicable privilege, the Court finds that the EEOC's objections are premature". Equal Employment Opportunity Commission v. LifeCare Management Services, LLC, 2009 WL 772834, *2 (W.D.Pa. 2009); Equal Employment Opportunity Commission v. California Psychiatric Transitions, 258 F.R.D. 391, 398 (E.D.Cal. 2009)("To preclude the deposition at this junction is premature"); Equal Employment Opportunity Commission v.

---

    [2]    The arbitration claimants' motion arises from Sterling's motion for entry of a protective order [103]. I have directed the parties to meet and confer in an attempt to reach agreement on the terms of a stipulated protective order. Thus, Sterling's motion is not addressed in this decision.

Albertson's LLC, 2007 WL 1299194, *2 (D.Colo. 2007) (same); Equal Employment Opportunity Commission v. Corrections Corporation of America, 2007 WL 4403528, *1 (D.Colo. 2007) (same).³

Although the EEOC is concerned about the Rule 30(b)(6) deposition being used to reveal privileged material, at this stage I cannot conclude that there are no permissible areas of questioning for Sterling to inquire at the Rule 30(b)(6) deposition. *See* Corrections Corp. of America, 2007 WL 4403528 at *1 ("EEOC is not exempt from a Rule 30(b)(6) deposition"); Equal Employment Opportunity Commission v. American International Group, Inc., 1994 WL 376052, *3 (S.D.N.Y. 1994)("The disclosure of who was interviewed, what the deponent did to refresh his recollection of the facts in the case, and what facts EEOC considered concerning the defendants' defenses] does not reveal the agency's trial strategy or its analysis of the case. For example, knowing who was interviewed does not intrude upon the mental impressions of the attorney. Presumably, the interview process in an investigation includes people and information which will be discarded as the attorney begins the analysis and plans strategy. Similarly, what information a witness reviews in preparation for a deposition does not reveal the thought processes of the attorneys. Documents are reviewed by a deponent for many reasons. There is a distinct difference between asking what was reviewed as opposed to why it was reviewed"); LifeCare Management Services, LLC, 2009 WL 772834 at *2 ("The deliberative process

---

³ *Compare with* Equal Employment Opportunity Commission v. McCormick & Schmick's Seafood Restaurants, Inc., 2010 WL 2572809, *5 (D.Md. 2010) (In granting the EEOC's motion for a protective order precluding a Rule 30(b)(6) deposition of its representative, the court noted that "the attendant objections as to individual questions during the deposition on attorney-client privilege and work product grounds would likely involve recourse to this Court and a significant burden on this Court's time that would be lessened by other means of discovery").

privilege only protects the opinions, recommendations, and deliberations of the EEOC, not the underlying factual information").[4] At this stage, it is also impossible for me to conclude that all of the categories of inquiry listed in the Rule 30(b)(6) deposition notice (Malloy Declaration [109-2], Ex. 5) pertain only to privileged matters.

Moreover, Sterling alleges that it seeks to depose the "EEOC on the parameters of its administrative investigation." Sterling's Memorandum of Law [117], p. 10. Such inquiry may be highly relevant to its potential defenses in this case because "it is well settled that the EEOC's investigation must occur within the 'scope of the charge' - that is, it must reasonably grow out of the charge underlying it. It is also well settled that a lawsuit must be like or reasonably related to the underlying EOC [*sic*] charge". Equal Employment Opportunity Commission v. Jillian's of Indianapolis, 279 F. Supp. 2d 974, 979 (S.D.Ind. 2003). For example, in Jillian's of Indianapolis, the EEOC sought to prosecute a nationwide class, but the court dismissed these claims and limited the suit to Jillian's Indianapolis facility, which was the only facility investigated by the EEOC. 279 F. Supp. 2d at 980-81.

"The fact that the EEOC has turned over its complete administrative file does not relieve the Agency of its obligation under Fed.R.Civ.P. 30(b)(6) to provide a witness to answer questions about the documents for purposes of clarification and interpretation". Little v. Auburn University, 2010 WL 582083, *2 (M.D.Ala. 2010). *See* California Psychiatric Transitions, 258

---

[4] *Compare with* U.S. Equal Employment Opportunity Commission v. Pinal County, __ F. Supp. 2d __, 2010 WL 2194441, *4 (S.D.Cal. 2010) ("asking . . . any EEOC representative, to even set forth the selected facts which constitute the factual basis of the probable cause finding would infringe on the deliberative process privilege as it would reveal the EEOC's evaluation and analysis of the extensive factual information gathered by the agency").

F.R.D. at 396 (same); LifeCare Management Services., LLC, 2009 WL 772834 at *2 (same).[5]

This is especially true here where, as the EEOC concedes, there is "little investigative material in the files beyond the charges". EEOC's Memorandum of Law [110], p. 15. *See* Albertson's LLC, 2007 WL 1299194 at *1 ("Albertson's may ask what documents were reviewed in the course of the EEOC investigation and what documents evidence that there is discrimination at the distribution center; or Albertson's might ask the identity of persons the EEOC believes have knowledge about the claimed discrimination. The answers to these questions may or may not be in the investigation file, or the information in the investigation file may not be complete").

Even some of the cases upon which the EEOC relies indicate that Sterling is entitled to a Rule 30(b)(6) deposition. For example, in American International Group, Inc., 1994 WL 376052 at *1-2, the defendant moved to compel responses to certain questions posed at a

---

[5] *Compare with* American International Group, Inc., 1994 WL 376052 at *2 (With respect to the allegations of the complaint, "the defendants contend that they merely seek facts. However, they essentially have the investigative file. Under these circumstances, the defendants seek to discover how the EEOC 'intends to marshall the facts, documents and [statements] in its possession, and to discover the inferences that [the EEOC] believes properly can be drawn from the evidence it as accumulated'"); McCormick & Schmick's Seafood Restaurants, Inc., 2010 WL 2572809 at *6 ("Defendants have already received much of the factual information generated by EEOC's investigation. . . . EEOC has produced its investigative file exceeding six boxes of records, including all witness statements contained therein and job advertisements. Defendants have complete access to their own payroll, personnel and applicant data for purposes of statistical analysis of their employee selection patterns by their own expert. Defendants' deposition subjects are not asking for clarification of this factual data, but rather for how EEOC's counsel has marshalled the facts learned during its investigation in support of its case. All of the subject areas are likely to require testimony of EEOC counsel or a proxy prepared by counsel. Thus, an invasion of attorney work product would be inevitable"); Pinal County, 2010 WL 2194441 at * 4 ("Respondents have made no showing that Mr. Green possesses relevant, non-privileged information that is not cumulative or duplicative to the information contained in the EEOC investigative file, which has already been produced to Respondents and which, in the Court's view, is likely the best source of the information presently sought by Respondents").

Rule 30(b)(6) deposition. Although the court denied the defendant's motion to the extent it sought to compel responses to its inquiries concerning the allegations of the complaint and the EEOC's damage claims, it granted the defendant's motion to the extent it sought the deponent to answer questions concerning how it conducted its investigation. Id. at *2-3. *See also* Equal Employment Opportunity Commission v. Automall Imports, Ltd., No. CV-08-3986 (E.D.N.Y. April 13, 2009)(granting the EEOC's motion to quash the defendants' 30(b)(b) subpoena without prejudice to renewal upon completion of fact discovery noting that "maybe there is some relevance to taking . . . an investigators deposition. But it should be the last choice, rather than the first").[6]

2.      **Responses to Sterling's Document Requests and Interrogatories**

   a.      **Document Requests**

The EEOC's challenges to Sterling's first set of document requests fall into three categories: 1) documents used in preparing the complaint (Request no.3); 2) communications with or affidavits/statements of current/former employees (whether represented by the EEOC or not) or any person concerning the allegations of the complaint (request nos. 10-14, 29-30); and 3) documents related to the investigation undertaken by the EEOC in commencing this case (request no. 16). Maatman Declaration [117-2], Ex. E. The EEOC argues that these "requests . . . explicitly call for communications squarely protected by the attorney-client privilege, common interest privilege, work product doctrine, and the Mediation Agreement", and that it "should not

---

[6]      Unreported transcript of oral ruling attached as Ex. 18 to Malloy declaration [109].

be required to respond to [these] improper discovery requests . . . even by providing a privilege log". EEOC's Memorandum of Law [110], pp. 17, 21.

"The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." Obiajulu v. City of Rochester, Department of Law, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (Feldman, M.J.). On their face, I do not find that the requests seek only privileged material. If the EEOC believes that responsive documents are privileged, it should - as it has done - produce a privilege log of these documents. [7]

b. **Interrogatories**

The EEOC also seeks a protective order with respect to the following interrogatories: 1) the identity of the person(s) who provided information or assisted in answering the interrogatories (interrogatory no. 1); 2) the efforts undertaken to determine the identity of any current or former employees of Sterling who allege that they were discriminated against because of their gender and identity of each person (interrogatory no. 3); and 3) identify each current or former employee of Sterling who the EEOC has taken a statement from or exchanged correspondence with, including the details and subject matter of such communications (interrogatory no. 4). Malloy Declaration [109-2], Ex. 4. The EEOC argues that "each of these

---

[7] The EEOC has produced an amended privilege log responding to Sterling's first set of interrogatories and request for production. Maatman Declaration [177-2], Ex. D Because "the governmental deliberative process privilege may only be asserted by the head of a governmental agency or by a designated high-ranking subordinate", the EEOC has also submitted the Declaration of Jacqueline Berrien [122], Chair of the EEOC, in support of its withholding of certain documents under the deliberative process privilege. Kaufman v. City of New York, 1999 WL 239698, *3 (S.D.N.Y. 1999).

interrogatories reflects a blatant effort to invade the boundaries of attorney work product". EEOC's Memorandum of Law [110], p. 20.

Addressing the interrogatories individually, I conclude that Sterling is entitled to the identity of the individuals that assisted in preparation of the interrogatory responses (interrogatory no. 1). *See* Omega Engineering, Inc. v. Omega, S.A., 2001 WL 173765, *3 (D.Conn. 2001) (finding interrogatory requesting to "identify each person who participated in the preparation of the answers to any interrogatory" to be proper). [8]

With respect to interrogatory no. 3, I find that Sterling is not entitled to know how the EEOC identified the individuals that were allegedly discriminated against as protected work product, but that it is entitled to the identity of these individuals. The identities of the individual claimants is essential to Sterling's ability to defend itself. *See* Serrano v. Cintas Corp., 2010 WL 746430, *1 (E.D.Mich. 2010) ("Cintas maintains that it has the right to know the identity of each individual who has agreed to participate in this action, and who the EEOC alleges is entitled to back pay and other damages. The relevance of that information is self evident, and not contested by the EEOC").

There is conflicting authority as to whether Sterling is entitled to the identity of each current or former employee with whom the EEOC has received statements or exchanged correspondence, including the dates of such communications and the subject matter (interrogatory no. 4). *Compare* Serrano, 2010 WL 746430 at *9 (ordering the EEOC to provide

---

[8] *Compare with* Weiss v. National Westminster Bank, PLC, 242 F.R.D. 33, 62 (E.D.N.Y. 2007) ("NatWest's motion to compel a response to Interrogatory No. 5 is denied because it seeks information regarding individuals who assisted plaintiffs' counsel with the preparation of their interrogatory responses, which is protected work product").

the identity of the persons to whom the EEOC sent letters and questionnaires and copies of all completed questionnaires returned to the EEOC); Equal Employment Opportunity Commission v. Jewel Food Stores, Inc., 231 F.R.D. 343, 346-350 (N.D.Ill. 2005) (finding interrogatories seeking the "identify[ ] [of] the individuals whom [Jewel] has interviewed and . . . the facts it obtained from them" to be discoverable), *with* Equal Employment Opportunity Commission v. Collegeville/Imagineering Ent., 2007 WL 1089712, *1 (D.Ariz. 2007) ("Where a party does not seek to learn of witnesses with knowledge about the case, and instead seeks to learn who has been contacted by opposing counsel, work product concerns arise. Such discovery requests seek to track the steps of opposing counsel and their witness interview choices. Such requests focus on the actions of lawyers rather than the knowledge of witnesses").

Faced with this conflicting case law, I agree with Magistrate Judge Payson that "the better reasoned decisions . . . are those that draw a distinction between discovery requests that seek the identification of persons with knowledge about the claims or defenses (or other relevant issues) - requests that are plainly permissible - and those that seek the identification of persons who have been contacted or interviewed by counsel concerning the case". Tracy v. NVR, Inc., 250 F.R.D. 130, 132 (W.D.N.Y. 2008)(Payson, M.J.).[9] I also find that any witness statements obtained by the EEOC are protected work product and need not be produced to

---

[9] *Compare with* Wilson v. City of New York, 2008 WL 824284, *2 (E.D.N.Y. 2008)("Given the large number of non-party witnesses to the events in question in this action . . . , it is neither efficient nor practical for the defendant to attempt to locate and depose all of them. It is fair to assume that the plaintiff will actually call at trial witnesses from whom statements were obtained. Thus, in order to prevent unfair surprise at trial and to permit the defendants the opportunity to obtain the substantial equivalent of any such statements, cf. Fed.R.Civ.P. 26(b)(3)(A)(ii), the plaintiff is directed to disclose the identities and most recent addresses of the two witnesses from whom statements were obtained, as well as the identities and most recent addresses of any other non-party witnesses from whom statements have been obtained").

Sterling absent a showing a substantial need. *See* Equal Employment Opportunity Commission v. Scrub, Inc., 2010 WL 2136807, *9 (N.D.Ill. 2010) ("completed questionnaires and any interview notes of communications between prospective class members and EEOC counsel are . . . protected from disclosure"); Equal Employment Opportunity Commission v. Carrols Corp., 215 F.R.D. 46, 51-52 (N.D.N.Y. 2003)(denying the defendant employer's motion to compel production of completed questionnaires mailed to employees and prepared by the EEOC under the work product doctrine, but ordering the EEOC, at its suggestion, to provide the defendant with witness summaries); Equal Employment Opportunity Commission v. International Profit Associates, Inc., 206 F.R.D. 215, 221 (N.D.Ill. 2002) ("IPA does not have a substantial need for the post-suit interview notes, nor would it undergo an undue hardship in collecting similar information").[10]

### 3. The EEOC's Participation in the Depositions Occurring in the Arbitration

The EEOC argues that "Sterling should not be permitted to oppose reasonable efforts to coordinate discovery in this case with the parallel arbitration proceeding". EEOC's Memorandum of Law [110], p. 22. Thus, it seeks permission to participate in the depositions of the named plaintiffs in the arbitration, who are also the charging parties in this case. Id. at p. 23.

This motion seeks the same relief I previously denied, namely coordination of discovery between this case and the parallel arbitration [97]. For the same reasons the EEOC's

---

[10] *Compare with* Young v. California, 2007 WL 2900539, *1 (S.D.Cal. 2007) ("Questionnaires completed by third persons are not work product. . . . The documents at issue are the verbatim statements of witnesses. They are the factual observations of percipient witnesses, not the thoughts or impressions of counsel").

initial motion was denied, this motion is also denied. Although the EEOC questions how Sterling will be able to use these depositions in this case without allowing the EEOC to participate (EEOC's memorandum of law [110], p. 22), this issue is for Sterling to resolve and does not bear on the EEOC's right to attend the depositions.

B.      **The Arbitration Claimants' Motion to Intervene**

The arbitration claimants seek to intervene in Sterling's motion for the entry of a protective order in order to argue that the protective order should "permit access to information designated as Confidential Information to: 'private arbitration plaintiffs and their attorneys (a) to the extent that the same material have been produced or will be produced in the Arbitration; (b) as the EEOC finds necessary to effectively prepare its case and permit the private arbitration plaintiffs to represent their interests in this action; or (c) to the extent that deposition transcripts are relevant to the Arbitration.'" Arbitration claimants' Memorandum of Law [126], Ex. 2.

As a threshold issue, I must determine whether the arbitration claimants should be permitted to intervene for purposes of addressing Sterling's motion for a protective order. *See* In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation, 255 F.R.D. 308, 317 (D.Conn. 2009)("modification [of the protective order] is a separate inquiry from the threshold decision to grant intervention"). Permissive intervention is permitted when the movant "has a claim or defense that shares with the main action a common question of law or fact". Rule 24(b)(1)(B). In exercising my discretion I "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights". Rule 24(b)(3).

Sterling does not dispute that the arbitration claimants timely moved to intervene and that the arbitration involves questions of law and fact common to this action. Instead, Sterling argues that it will be prejudiced if the arbitration claimant's motion to intervene is granted because "the Arbitration Claimants seek to have this Court rewrite the protective order entered in the arbitration prohibiting confidential documents and information from being discussed outside the arbitration". Sterling's Response [130], pp. 1-2.

This argument misses the mark. First, the EEOC and the arbitration claimants are not seeking to share discovery exchanged in the arbitration, but rather are seeking permission for the EEOC to share discovery disclosed in *this case* with the arbitration claimants. Second, the EEOC has already requested the inclusion of the arbitration claimants in the protective order and thus, this issue is before me whether or not the motion to intervene is granted. Arbitration claimants' Reply [133], p. 2. Under these circumstances, I grant the claimant's motion to intervene for the limited purpose of addressing Sterling's motion for entry of a protective order. "Whether [they] will be permitted to modify the protective order, and to what extent, is a separate issue". In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation, 255 F.R.D. at 317.

**CONCLUSION**

For these reasons, the EEOC's motion for a protective order is granted in part and denied in part [109] as set forth herein, and the arbitration claimants' motion to intervene [125] is granted. The parties, including the arbitration claimants, shall confer in an attempt to reach a stipulated protective order. If the parties are unable to reach an agreement, they shall identify the

areas that remain in dispute by July 30, 2010, and a conference to discuss the disputed areas is set for **August 5, 2010 at 11:00 a.m.** The parties may participate via telephone upon advance notice to chambers. The court will initiate the call.

**SO ORDERED.**

Dated: July 15, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge