UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                                                    **DECISION AND ORDER**

                Plaintiff,                                               08-CV-00706(A)(M)

v.

STERLING JEWELERS INC.,

                Defendant.
_____

## INTRODUCTION

This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a decision on non-dispositive motions [22].[1] Despite repeated efforts to reach agreement on a confidentiality stipulation, the parties have been unable to agree. Therefore, before me is the motion of defendant Sterling Jewelers Inc. ("Sterling") for entry of a confidentiality order [103]. For the following reasons, I order that Sterling's motion for a confidentiality order be granted in part and denied in part.

## BACKGROUND

The factual background of this case is set forth in my July 15, 2010 Decision and Order [139]. Procedurally, Sterling initially protectively filed its motion for a confidentiality order before responding to the discovery requests of plaintiff Equal Employment Opportunity Commission ("EEOC") in order to prevent any possible waiver arguments while the parties attempted to reach agreement as to the terms of a confidentiality order. Sterling's Motion [103],

---

[1]    Bracketed references are to the CM/ECF docket entries.

¶¶3 and 6. Thereafter, I granted the claimants in the parallel arbitration of Jock, et al. v. Sterling Jewelers Inc., AAA Case No. 1 160 00655 08 (the "arbitration claimants") leave to intervene for the limited purpose of allowing them to address Sterling's motion for a confidentiality order. July 15, 2010 Decision and Order [139], p. 13.

After it became apparent that the parties, including the arbitration claimants, could not agree upon the terms of a stipulated confidentiality order, I directed them to file the most current version of the proposed protective order, along with letter briefs addressing the areas that remain in dispute. August 5, 2010 Text Order [152].

A decision on this motion had been deferred pending resolution of objections to my July 15, 2011 Decision and Order, which, *inter alia*, granted the arbitration claimant's motion to intervene [139], pp. 12-13. My Decision and Order was recently adopted [170].

"In June 1998 Sterling put in place a three-step program called 'RESOLVE,' which provides an alternative dispute resolution mechanism for employment disputes and which requires arbitration of such disputes after the employee in question exhausts certain preliminary 'steps.'" Jock v. Sterling Jewelers, Inc., 725 F.Supp.2d 444, 445 (S.D.N.Y. 2010). Current and former female Sterling employees commenced a class action lawsuit alleging that Sterling discriminated against them in pay and promotion on the basis of their gender. *See* Jock v. Sterling Jewelers Inc., 08-cv2875 (S.D.N.Y.). Hon. Jed S. Rakoff granted the plaintiffs' motion to refer these matters to arbitration pursuant to the parties' contract and stayed the litigation pending conclusion of the arbitration. *See* Jock v. Sterling Jewelers, Inc., 564 F.Supp.2d 307, 311 (S.D.N.Y. 2008). On June 1, 2009, the arbitrator (former Magistrate Judge Kathleen A. Roberts) found the arbitration agreement did not prohibit class arbitration.

Since Sterling's motion for entry of a confidentiality order was filed, Judge Rakoff vacated the arbitrator's decision permitting class arbitration in light of the Supreme Court's decision in Stolt-Nielsen, S.A. v. AnimalFeeds International Corp., __ U.S. __, 130 S.Ct. 1758 (2010). See Jock v. Sterling Jewelers, Inc., 2010 U.S. Dist. LEXIS 80896 (S.D.N.Y. 2010). Judge Rakoff then stayed the effect of this order pending appeal. See Jock v. Sterling Jewelers, Inc., 738 F.Supp.2d 445, 450 (S.D.N.Y 2010). He then enjoined Sterling from proceeding with the individual arbitrations until after oral argument was presented to the Court of Appeals on January 11, 2011. See Jock v. Sterling Jewelers, Inc., 2010 WL 5158617, *4 (S.D.N.Y. 2010). The parties thereafter agreed to stay the individual arbitrations pending the Second Circuit's determination. See Jock v. Sterling Jewelers Inc., 08-cv-2875 (S.D.N.Y.), Sixth Arbitration Status Report [108]. Therefore, unless the arbitration claimants' appeal is successful, the arbitration claimants' suits will continue, if at all, on an individual basis.

The proposed confidentiality orders of the parties differ in several key respects, including: 1) the extent to which confidential information exchanged in this case can be shared and used by the arbitration claimants; 2) whether an attorneys' eyes only designation is proper; 3) whether allegations of lewd, lascivious or criminal conduct should be designated as confidential; and 4) whether the confidentiality order should contain a read and sign requirement.

## ANALYSIS

"The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." Seattle Times Co. v. Rhinehart, 467 U.S. 20,

36 (1984).  This discretion is governed by Rule 26(c), which provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense".  "Where . . . the documents are relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause."  <u>Penthouse International, Ltd. v. Playboy Enterprises, Inc.</u>,  663 F.2d 371, 391 (2d Cir. 1981).

"Good cause is established by 'demonstrating a particular need for protection.'" <u>Duling v. Gristede's Operating Corp.</u>, 266 F.R.D. 66, 71 (S.D.N.Y. 2010).  However, "[i]n cases of unusual scope and complexity . . . broad protection during the pretrial stages of litigation may be warranted without a highly particularized finding of good cause".  <u>In re Terrorist Attacks on September 11, 2001</u>, 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006).  It is with these considerations in mind that I have addressed Sterling's motion.

**A.     Disclosure To and Use by the Arbitration Claimants of Confidential Information**

Much of the disagreement over the terms of the confidentiality order emanate from the EEOC's efforts to share information with the arbitration claimants and the arbitration claimants' desire to use these materials in their arbitrations (whether on an individual or class-wide basis).

**1.     Disclosure of Confidential Information to the Arbitration Claimants**

Whereas Sterling proposes to limit the access to "Confidential Information", as defined in the confidentiality order, to "nonparty, actual fact witnesses and their attorneys in preparation for their depositions, but only to the extent that the Confidential Information relates

to the actual witness or the witness' individual claims, if any" (EEOC's supplemental submission [156], Ex. 2, ¶14(d)), the EEOC and arbitration claimants ask that disclosure of the Confidential Information be limited to "nonparty potential fact witnesses and their attorneys". Id., Ex. 1, ¶14(d).

It would be highly prejudicial to preclude the arbitration claimants, who are also the charging parties in this case, and the EEOC from fully communicating regarding this litigation. "Congress has specifically foreseen and approved of the EEOC's practice of sharing information with charging parties, because that practice is consistent with and promotes the statutory purpose. . . . [B]ecause disclosure to the charging party would ordinarily further the enforcement of the Act, disclosure should be the norm and such orders will be appropriate only in unusual circumstances". E.E.O.C. v. Morgan Stanley & Co., Inc., 132 F.Supp.2d 146, 156 (S.D.N.Y. 2000) (citing E.E.O.C. v. Associated Dry Goods Corp., 449 U.S. 590 (1981)). Even Sterling's arbitration agreement recognizes that its employees retain the right to "assist or cooperate with [the EEOC] in their investigation or prosecution of charges", which is consistent with the EEOC's guidance that "promises not to . . . participate in an EEOC proceeding are null and void as a matter of public policy". Arbitration Claimants' Reply [133], Exs. 1 and 3, p. 3.

Permitting the arbitration claimants access to the discovery exchanged in this case is also not an "end-run" around my earlier decision denying the EEOC's motion for discovery coordination. Sterling's Response [130], p. 13. Granting the arbitration claimants access to the discovery in this case does not implicate the primary concern that motivated me to deny the EEOC's motion for coordinated discovery, namely the possibility of conflicting rulings between this court and the arbitrator.

I also conclude that "the EEOC has a legitimate need to show . . . potential class members relevant information to help them decide if they were victims of discrimination, and ultimately, whether to file a claim and seek EEOC representation." E.E.O.C. v. Morgan Stanley & Co., Inc., 206 F.Supp.2d 559, 564 (S.D.N.Y. 2002), adopted by, 2002 WL 1431685 (S.D.N.Y. 2002). Sterling's reliance on De Novo Imports, Inc. v. Contempo USA, Inc., 2009 U.S. Dist. LEXIS 120055 (S.D.N.Y. 2009) (Sterling's Supplemental Submission [158], p.4). which involved a *stipulated* protective order, is misplaced.

2. **Use of Confidential Information by the Arbitration Claimants**

Sterling proposes that discovery designated as Confidential Information "be used only for the purposes of the prosecution or defense of this action and it shall not be used for any business, commercial or competitive purpose, or used in any other litigation proceeding." EEOC's Supplemental Submission [156], Ex. 2, ¶10. By contrast, the EEOC proposes that confidential information "be used solely for purposes of this action or the Arbitration Proceedings". Id., Ex. 1, ¶10.

"It is well established that the Federal Rules of Civil Procedures [*sic*] create no automatic prohibition against using discovery obtained in one litigation in another litigation". Duling, 266 F.R.D. at 76. Thus, "[d]iscovery obtained in good faith pursuant of a claim, defense or position in a federal case may be used in other litigation and does not, without a showing of good cause, warrant a protective order." Comptek Telecommunications, Inc. v. IVD Corporation, 1995 WL 780972, *1 (W.D.N.Y. 1995) (Elfvin, J.). For example, "unless it can be shown that the discovering party is exploiting the instant litigation solely to assist in other

litigation before a foreign forum, federal courts do allow full use of the information in other forums". Johnson Foils, Inc. v. Huyck Corp., 61 F.R.D. 405, 410 (N.D.N.Y. 1973). However "it is still within the Court's discretion to limit . . . secondary use of discovery through a protective order." Duling, 266 F.R.D. at 76 (citing cases).

Sterling argues that the arbitration claimants "seek to develop their claims in private arbitration through collaboration with the EEOC regarding common evidence and defenses". Sterling's Response [130], p. 6. "However, this is not a reason for a court to impose a protective order. Use of the discovery fruits disclosed in one lawsuit in connection with other litigation, and even in collaboration among plaintiffs' attorneys, comes squarely within the purposes of the Federal Rules of Civil Procedure." United States v. Hooker Chemicals & Plastics Corp., 90 F.R.D. 421, 426 (W.D.N.Y. 1981) (Curtin, J.). See Dove v. Atlantic Capital Corp., 963 F.2d 15, 20 (2d Cir. 1992)("The district court did not abuse its discretion by failing to issue a protective order preventing the use of the discovery from the instant case in the UK litigation").

Sterling also argues that the discovery in the individual arbitrations will not be identical to the pattern or practice discovery at issue in this case. Sterling's Supplemental Submission [158], p.2. Consequently, its proposed confidentiality order prohibits the EEOC from sharing confidential information with the arbitration claimants, other than non-pattern or practice discovery. EEOC's Supplemental Submission [156], Ex. 2, ¶14, p. 6. While the "pattern-or-practice method of proving discrimination is not available to individual plaintiffs. . . ., pattern-or-practice evidence may be relevant to proving an otherwise-viable individual claim for disparate treatment." Bacon v. Honda of America Manufacturing, Inc., 370

F.3d 565, 575 (6th Cir. 2004), cert. denied, 543 U.S. 1151 (2005).  Therefore, I order that this provision of Sterling's proposed confidentiality order be omitted.

Although I am unwilling to preclude the arbitration claimants from using the discovery exchanged here for purposes of their arbitrations, the EEOC ([156], p. 3) and arbitration claimants ([160], p.4) concede that the ultimate arbiter of whether the discovery can be used (and to what extent) will be the arbitrators.  *See* Cipollone v. Liggett Group, Inc., 113 F.R.D. 86, 91 (D.N.J. 1986), mandamus denied, 822 F.2d 335 (3d Cir.), cert. denied, 484 U.S. 976 (1987) ("Any plaintiff seeking to utilize the discovery in this matter for his or her own purposes shall be required to seek leave of the court before whom the matter is pending.  That court can resolve any objections based upon relevance or otherwise").

In order to avoid any confusion in this regard, I order that the EEOC's proposed language (EEOC's supplemental submission [156], Ex. 1, ¶10) be modified as follows and incorporated into Sterling's proposed confidentiality order: "solely for purposes of this action or the Arbitration Proceedings *(subject to obtaining leave to use the Confidential Information in the Arbitration Proceeding(s) from the arbitrator)*."

**B.     Attorneys' Eyes Only Designation**

As noted by Sterling, this is a common  provision of confidentiality orders. Sterling's Reply [119], p. 6.  Here, there exists good cause to limit the dissemination of highly sensitive information, including customer financial or credit information as set forth in Sterling's proposed confidentiality order.  EEOC's Supplemental Submission [156], Ex. 2, ¶13.

The EEOC contends that Sterling has improperly designated numerous documents as "Attorneys' Eyes Only". EEOC's Supplemental Submission [156], p.5 n. 7. In order to allow the EEOC to challenge these designations, paragraph 19 of Sterling's proposed confidentiality order (EEOC's supplemental submission [156], Ex. 2) must be revised. Although it provides a mechanism to challenge discovery designated as Confidential Information, I order that it be amended to also apply to materials designated as Attorneys' Eyes Only.

**C.      Allegations of Lewd, Lascivious or Criminal Conduct**

Under Sterling's proposed confidentiality order, "information . . . referring or relating to allegations of purported criminal and/or lewd or lascivious conduct by any party or nonparty" and "all allegations of purported criminal and/or lewd or lascivious conduct that has not been substantiated by a court of law, regardless of the source of the information" is classified as Confidential Information. EEOC's Supplemental Submission [156], Ex. 2, ¶¶11(f) and (g). In contrast, the EEOC seeks to designate only "information . . . reflecting the Producing Party's own personal knowledge referring to allegations of purported criminal conduct and/or lewd or lascivious conduct by any party or nonparty if the conduct at issue is unrelated to the allegations in the complaint in this case" as confidential. Id., Ex. 1, ¶11(f).

This determination cannot be made in a vacuum. In order to balance the EEOC's concern that this provision acts as a sweeping gag order against Sterling's concerns about the potential harmful effect such allegations may have to an employee or Sterling itself, it is necessary for me to review the documents at issue before making any determination. *See, e.g.*, E.E.O.C. v. Outback Steakhouse of Florida, Inc., 251 F.R.D. 603, 613 (D.Colo. 2008)

(determination of whether to seal/redact was made after the court viewed the two sexual harassment complaints at issue).  Therefore, I order that Sterling's proposed confidentiality order be modified so that any such documents shall be produced to the court for review and will be treated as confidential information until the court makes its determination as to whether they should remain designated as confidential or be disclosed or redacted.

**D.     Read and Sign Requirement**

Sterling's proposed confidentiality protective order requires that "no Confidential Information . . .  may be disclosed to those individuals until each individual has signed Agreement To Abide By Stipulation and Protective Order.  Counsel receiving any Confidential Information shall retain in his/her file the original of each such signed Agreement . . . and shall provide a copy of this Agreement . . . to opposing counsel upon request, after the deadline for designation of expert witnesses".   EEOC's Supplemental Submission [156], Ex. 2, ¶15.  The EEOC objects to this provision because it will discourage "[c]urrent and former employees of Sterling who fear retaliation" from coming forward, and its requirement that the signed acknowledgments be turned over to Sterling constitutes an "invasion of work product".  EEOC's Supplemental Submission [156], p. 5.

The purpose of the confidentiality order would be eviscerated if its terms did not also apply to those with whom the discovery is shared.  To the extent the EEOC is concerned about the confidentiality order  restricting Sterling's employees from discussing even their own personnel files (id., p. 5 n. 8), this concern is unfounded.  The confidentiality order in no way restricts the ability of individuals to communicate or disseminate materials that they obtain

outside of the discovery exchanged in this litigation, even if it is duplicative of what is exchanged here.

Although a read and sign requirement is proper (*see, e.g.*, Lawrence E. Jaffe Pension Plan v. Household International., Inc., 2004 WL 2663241, *2  (N.D.Ill. 2004)), to the extent the signed acknowledgments may constitute privileged attorney work product (*see* Gerber v. Down East Community Hospital, 266 F.R.D. 29, 34-36 (D. Me. 2010)),  I order that the provision requiring the production of the acknowledgments be removed from Sterling's proposed confidentiality order.  I expect that the parties will fully abide by their obligations under the confidentiality order, including the read and sign requirement.  Should a breach of the confidentiality order become an issue, a party can move for disclosure.

Sterling's proposed confidentiality order also requires that "[p]rior to Counsel receiving any Confidential Information, Counsel for receiving party shall provide a written acknowledgment to Counsel disclosing such information verifying the expert or consultant is not a current employee, owner, agent, or in any other manner a competitor of disclosing party". EEOC's Supplemental Submission [156], Ex. 2, ¶14(c).  The EEOC objects to this provision because "Sterling has made no showing that it is likely that an expert hired for this case would be a competitor of Sterling or that information an expert would rely on here would be of interest to a competitor" and that there is no basis "to delay production . . . until EEOC has obtained Sterling's approval to hire an expert".  EEOC's Supplemental Submission [156], p. 5.

Sterling's fears that confidential information could be used by its competitors is premature, as any information disclosed to the EEOC's experts will be subject to the

confidentiality order and usable only for purposes of this litigation and related arbitrations. Therefore, I order that this provision be omitted from Sterling's proposed confidentiality order.

### E.  Overbreadth of Sterling's Confidentiality Provision

The EEOC opposes Sterling's proposal to define "Confidential Information" as including, "any and all documents, submissions, pleadings, including, without limitation, all supporting exhibits, addendums, affidavits or declarations, correspondence or other information shared or submitted in the Arbitration Proceeding". EEOC's Supplemental Submission [156], Ex. 2, ¶11(h). According to the EEOC, this is a "catch-all" provision and Sterling "continues to designate every page of its over 61,000 - page document production as 'confidential'". Sterling's Supplemental Submission [156], p. 1.

As discussed above, the EEOC may challenge Sterling's designations under the terms of the confidentiality order. EEOC's Supplemental Submission [156], Ex. 2, ¶19. However, Sterling's proposal to designate the materials exchanged in the arbitrations as confidential is unfounded. This determination will be left to the arbitrators and governed by the arbitration agreements between Sterling and its employees. *See* Cipollone, 113 F.R.D. at 91. Therefore, I order that this provision be omitted from Sterling's proposed confidentiality order.

### CONCLUSION

For these reasons, Sterling's motion for a confidentiality order [103] is granted in part and denied in part. Sterling shall submit its proposed confidentiality order ([156], Ex. 2) with the modifications set forth herein by July 6, 2011.

DATED:		June 23, 2011

                                            <u>/s/ Jeremiah J. McCarthy</u>
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge