UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | **SUPPLEMENTAL DECISION AND ORDER** |
| Plaintiff, | 08-CV-00706-RJA-JJM |
| v. | |
| STERLING JEWELERS INC., | |
| Defendant. | |

_____

On June 23, 2011 I issued a Decision and Order [183] granting in part and

denying in part the motion of defendant Sterling Jewelers Inc. ("Sterling") for entry of a

confidentiality order [103].  My Decision and Order directed that Sterling submit a proposed

confidentiality order consistent with the decision by July 6, 2011 [183], p. 12.  Sterling did so

("proposed confidentiality order") [187] and the Equal Employment Opportunity Commission

("EEOC") objects to certain aspects of the proposed confidentiality order as being inconsistent

with my Decision and Order [188].  It also argues that while my Decision and Order [183]

addressed the key areas of dispute, it did not address other disputed topics.  Id.  The claimants in

the parallel arbitration of Jock, et al. v. Sterling Jewelers Inc., AAA Case No. 1 160 00655 08

(the "arbitration claimants") have filed similar objections to the proposed confidentiality order

[189], and Sterling has responded [195].

To the extent clarification or expansion of my June 23, 2011 Decision and Order

[183] is necessary, this decision is intended to supplement that decision.

**BACKGROUND**

The only procedural change since my prior Decision and Order has been that the

Second Circuit reversed the decision of Hon. Jed S. Rakoff vacating the arbitration award

permitting the plaintiffs to pursue class certification.  *See* Jock v. Sterling Jewelers Inc., 646 F.3d

113, (2d Cir. 2011).

**ANALYSIS**

Whether or not the EEOC's objections were timely or adequately raised I will

address them because  they are germane to the propriety of the proposed confidentiality order.

**A.       Paragraphs 4 & 5:    Definition of Arbitration Proceedings and**
**                                        Arbitration Claimants**

The  proposed confidentiality order defines "Arbitration Proceeding" as the

proceeding captioned  Jock, et al. v. Sterling Jewelers Inc., AAA Case No. 1 160 00655 08.

Likewise, it defines the "private arbitration claimants" as the named claimants in the related

arbitration proceeding.  [187], ¶¶4, 5.  The EEOC and the arbitration claimants argue that

because the arbitrations may go forward on an individual basis, there is no reason to restrict the

definition of arbitration claimants to only those named claimants in the class arbitration

proceeding.  EEOC's objections [188], pp. 1-2; arbitration claimants' objections [119] p. 2.  I

agree.

At this point, it is unclear how the arbitrations will proceed.  Thus, paragraph 4 of

the proposed confidentiality order [187] shall be amended to state  that "'arbitration proceeding'

means the arbitration proceeding captioned *Jock, et al. v. Sterling Jewelers Inc.*, AAA Case No.

11 160 00655 08, currently pending before the American Arbitration Association , *as well as any related individual arbitration proceedings*".  Likewise, I order that paragraph 5 of the proposed confidentiality order [187] be amended to state that "'private arbitration plaintiffs' means the named claimants in related arbitrations proceeding*s*".


**B.      Paragraph 6:  Arbitration Claimants as Signatories to the Confidentiality Order**

The  proposed confidentiality order omits the arbitration claimants as signatories ([167], ¶6, p. 13).  The EEOC argues that the arbitration claimants should be parties to the proposed confidentiality order to "protect not only documents that Sterling may produce and that EEOC may share with the Arbitration Claimants, but will also protect confidential documents concerning the Arbitration Claimants themselves, which either Sterling or the arbitration claimants may produce".  EEOC's Objections [188], p. 2; arbitration claimants' objections [189]. pp. 1-2.

The EEOC's concern over protecting Sterling's documents which it may share with the arbitration claimants is unfounded.  If discovery deemed "confidential information" under the confidentiality order  is provided to the arbitration claimants in this litigation, they will be bound by the confidentiality order. [187], ¶15 ("[a]ll persons to whom confidential material is disclosed pursuant to this Order will be bound by this Order").

It is also not necessary for the arbitration claimants to be  parties to the confidentiality order in order  to protect their privacy concerns.  Under the proposed confidentiality order, all "personal or financial information subject to privacy law protection concerning . . . [Sterling's] current and former employees, or any putative member of the class of

persons Plaintiff seeks to represent, including wage statements, health records or information, bank account statements, credit reports, and credit applications" are deemed to be confidential information [187], ¶11(b).  It also provides that "[i]f a third party provides discovery to any party in connection with this action, that third party may designate that discovery as Confidential Information under the Confidentiality Order" Id., ¶26.

To the extent the arbitration claimants seek to be included as signatories to the confidentiality order "to ensure that they may access the materials in this action" (arbitration claimants' objections [189], p. 1), that goal has been accomplished without the need for them to become parties to the confidentiality order.


**C.      Paragraph 10:  The EEOC's Right to Use Confidential Information
                      in Other Enforcement Activities**

The EEOC argues that the proposed confidentiality order should be modified to permit it to use confidential information in other enforcement activities where Sterling is a party, so long as the EEOC continues to treat such information as confidential.  EEOC's Objections [188], p. 2.  For example, it argues that if "one or more class members were to file their own charges of discrimination, it would make no sense for EEOC to have to ignore the information that it already has available to it and to instead start an investigation from scratch".  Id.

For same reasons I permitted the EEOC to share confidential information with the arbitration claimants and did not prohibit them from using such information in their arbitrations (Decision and Order [183], pp. 4-8), I likewise conclude that the EEOC may use confidential information in its enforcement actions against Sterling, but only with respect to enforcement

-4-

activities that are related to this litigation.  Therefore, I order that the following be added to paragraph 10 of the proposed confidentiality order:

> "EEOC may use Confidential Information in furtherance of its enforcement activities in any related matter in which the party designating such information as confidential has been named as a party, but must treat such information as confidential pursuant to the terms of this Order, until such time as the confidential designation is withdrawn either by agreement of the parties or by court order".

### D.        Paragraph 10:  Barring Individuals from Proceedings

The proposed confidentiality order states that "[t]he Producing Party may file a motion seeking to have any person(s) not permitted access to Confidential Information under this Order to be barred from attending any portion of trial.  The Producing Party may also request that any such person by barred from attending any portion of a motion hearing or depositions at which Confidential Information is revealed" [187], ¶10. The EEOC recognizes that "[n]othing prevents the parties from making such a motion", but argues that there is no basis to suggest that  "such an extraordinary measure is a reasonable prospect".  EEOC's Objections [188], p. 2.

Whether or not restricting individuals from access to proceedings in this case is a reasonable prospect,  the parties have the right to bring such a motion with or without this provision. Therefore, this provision shall  remain.

### E.        Paragraph 11:  Applicability to Information Obtained Outside
                        of Discovery in this Litigation

The proposed confidentiality order provides that "all allegations of purported criminal and/or lewd or lascivious conduct that has not been substantiated by a court of law,

regardless of the source of the information" constitute confidential information [187], ¶11(g).

EEOC argues that this language "appears on its face to restrict the ability of individuals to

communicate or disseminate materials that they have obtained outside discovery in this case".

EEOC's objections [188], p. 3.  I disagree.  In fact, the proposed confidentiality order makes

clear that "[t]he restrictions and obligations [of the] Confidentiality Order . . .will not apply to

any information which . . . is in Receiving Party's legitimate possession independent of the

Producing Party" [187], ¶24.[1]


**F.      Paragraph 14(c): Disclosure to Arbitration Claimants' Experts**

The proposed confidentiality order states that confidential information "may be

used solely for purposes of this action or the Arbitration Proceeding, subject to obtaining leave to

use the Confidential Information in the Arbitration Proceeding(s) from the arbitrator" [187], ¶10.

The EEOC argues that this provision would not allow the arbitration claimants to provide

information obtained in this litigation to any outside experts or consultants.  EEOC's Objections

[188], p. 3.  It proposes that paragraph 14(c), pertaining to those who will have access to

confidential information, be amended to state "outside experts or consultants for a receiving

party whose advice and consultation are being considered or will be used by such party solely in

connection with this action *or in connection with the Arbitration Proceedings*" [156], Ex. 1,

¶14(c).

---

[1]      Although not raised by EEOC, consistent with my June 23, 2011 Decision and Order, paragraph 11(f) should be modified as follows:  "Information designated as 'Confidential' under this subparagraph *and subparagraph (g)*  must be produced to the Court for review".

Unless and until the arbitration claimants obtain permission from the arbitrator to use the confidential information in the arbitration proceeding, the arbitration claimants have no reason to disclose the confidential information to their experts and consultants.  However, the EEOC's proposal seemingly permits disclosure to the arbitration claimants' experts and consultants, without regard to whether the arbitrator has permitted use of the confidential information in the arbitration proceedings.  Therefore, I order that paragraph 14(c) of the proposed confidentiality order be amended as follows:

> "outside experts or consultants for a receiving party whose advice and consultation are being considered or will be used by such party solely in connection with this action *or by the Private Arbitration Plaintiffs in connection with the Arbitration Proceeding provided that they first receive permission from the arbitrator in the Arbitration Proceeding to use such information*, including their stenographic and clerical personnel.

## G.      Paragraph 19:  Time Period for Challenging Confidentiality Designations

The proposed confidentiality order requires that objections to confidentiality designations be  raised within 30 days of receipt [187], ¶19.  The EEOC argues that "requiring a receiving party to challenge any confidentiality designations within 30 days of receiving them would impose an impossible burden on EEOC, particularly given the broad scope of the confidentiality order, the fact that Sterling has represented to the Court that potentially millions of documents will be produced, and that Sterling has designated nearly every document produced so far as confidential".  EEOC's Objections [188], p. 3.  Thus, it proposes that challenges to designations be permitted at any time. Id.

Although I am sensitive to the burden this time limitation places on the EEOC, in order to ensure that discovery progresses, the ability of the parties to challenge confidentiality designations cannot be left open-ended.  Therefore, I order that the 30-day period be extended to 120 days.  *See* In re September 11 Litigation, 262 F.R.D. 274, 276 (S.D.N.Y. 2009) (imposing a similar time limitation).

**H.       Paragraph 21:  Inadvertent Disclosures**

The proposed confidentiality order states, in relevant part, that "[t]he inadvertent or unintentional disclosure by any party of Confidential Information, regardless of whether that information was so designated at the time of the disclosure, will not be deemed a waiver of a party's claim of confidentiality" [187], ¶21.  The EEOC proposes that a provision be included in this paragraph indicating that it "will also apply to the inadvertent disclosure of information to the parties in the arbitration proceedings" [156], ¶21.  It argues that "[s]ince  EEOC will be sharing information with the arbitration claimants, and they in turn may produce that information to Sterling, including this provision protects all parties from inadvertent disclosures".  EEOC's Objections [188], ¶8.

The purpose of the confidentiality order is to govern the exchange of Confidential Information  in this case.  If the arbitration claimants produce information to Sterling in the arbitration proceedings, which they obtained from the EEOC and is not designated as Confidential Information, such production will be governed by the arbitration proceedings, not this case. Therefore, I conclude that this provision is unwarranted.

I.      **Paragraph 22: Production of Signed Acknowledgments**

The EEOC argues that contrary to my June 23, 2011 Decision and Order,

"Sterling's proposal would require a party to disclose executed acknowledgments if the party

inadvertently discloses confidential information to unauthorized persons".  EEOC's Objections

[188], p. 4.  However, because paragraph 22 of the proposed confidentiality order omits this

requirement, that concern is unfounded.

J.      **Paragraph 25:  Timing for the  Return and Destruction of Documents**

The proposed confidentiality order provides that "[a]fter final termination of this

action, a Producing Party may request the return or destruction of all Confidential Information"

[187], ¶25.  The EEOC argues that although "the Court has ordered that the arbitration claimants

may share information exchanged in this case, . . . .  Sterling's proposal would require documents

to be returned or destroyed even if the Arbitration Proceedings were ongoing" [188], p. 4. It

proposes that the proposed confidentiality order be amended to reflect state "[a]fter final

termination of this action and the Arbitration Proceedings" [156], Ex. 1, ¶26.

To the extent the arbitration claimants are required under the terms of the

confidentiality order  to destroy or return Confidential Information obtained in this case, they

should, subject to the arbitrator's approval, have the ability to use this material for the duration of

their arbitrations.  Therefore, I order that the following be added to  paragraph 25 of the

proposed protective order:

> "Except that the destruction or return of Confidential Information
> in the possession of the Private Arbitration Plaintiffs may be stayed
> until after the conclusion of the Arbitration Proceeding provided that such
> material is being used in the Arbitration Proceeding."

**K.      Paragraph 32:  Sanctions for a Breach**

   The proposed confidentiality order states that "[i]f any Confidential Information is used or disclosed by either party in a manner not consistent with this agreement, the Confidential Information that was wrongfully disclosed shall be inadmissible in the above captioned action at the producing party's discretion" [187], ¶32.  The EEOC argues that this provision is "draconian" and proposes that the court determine what, if any, sanctions should be imposed for a breach. EEOC's Objections [188], p. 4.

   The  potential exists for varying degrees of culpability and non-compliance with the confidentiality order.  Thus, rather than imposing an absolute penalty for any level of conduct that is not consistent with the confidentiality order, I order that this provision be amended as follows:

> "If any Confidential Information is used or disclosed by either
> party in a manner not consistent with this agreement, *the court may
> impose appropriate sanctions, including precluding the use of such
> information in this case*".

**CONCLUSION**

   For these reasons, the proposed confidentiality order [187] is amended as set forth herein.  Sterling shall submit a confidentiality order for my signature with the modifications set forth herein by October 17, 2011.

**SO ORDERED**.

Dated: October 7, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge