UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EQUAL EMPLOYMENT OPPORTUNITY                    **DECISION AND ORDER**
COMMISSION,

                       Plaintiff,                    08-CV-00706(A)(M)

v.

STERLING JEWELERS INC.,

                       Defendant.
_____

        On February 6, 2013, plaintiff Equal Employment Opportunity Commission ("EEOC") and the Arbitration Claimants in <u>Jock, et al. v. Sterling Jewelers Inc.</u> (AAA Case No. 1 160 00655 08) (the "Arbitration") jointly deposed Barry Ferhnolz, a Division Vice President with defendant Sterling Jewelers, Inc. ("Sterling"). The next day, Sterling filed an emergency motion [301][1] to strike certain portions of Mr. Ferhnolz's deposition testimony and questioning, which concerned "the alleged consumption of alcohol and alleged inappropriate behavior at Sterling's managers' meeting that occurred before January 1, 2001." Sterling's Memorandum of Law [302], p. 2 of 7.[2] Sterling also seeks to prevent the EEOC from questioning other deponents about such matters in the future. <u>Id</u>. For the following reasons, the motion is denied, without prejudice to renewal.

---

    [1]    Bracketed references are to the CM/ECF docket entries.

    [2]    A similar motion was filed in the Arbitration, which was denied by Arbitrator Kathleen Roberts. Burstein Declaration [307-1], ¶4

## ANALYSIS

In opposing Sterling's motion, the EEOC argues, *inter alia*, that the motion is premature. EEOC's Brief [307], p. 4. I agree. *See* ProBatter Sports, LLC v. Joyner Technologies, Inc., 2006 WL 5278236, *1 (N.D.Iowa 2006) ("The Motion [to strike] is premature. ProBatter has not filed a motion for summary judgment. If ProBatter files such a motion, Joyner may file a new motion to strike immediately. If ProBatter does not file such a motion and the dispositive motions deadline passes, Joyner may file a motion to strike Ms. Sommer's testimony from trial"); Randler v. Kountry Kraft Kitchens, 2012 WL 6561510, *14 (M.D.Pa. 2012). *See also* Pfohl Bros. Landfill Site Steering Committee v. Browning-Ferris Industries of New York, Inc., 2004 WL 941816, *1 (W.D.N.Y. 2004) (Foschio, M.J.), adopted, 2004 WL 1563262 (W.D.N.Y. 2004) (Arcara, J.) (referencing earlier order in the case denying a motion to strike an expert report as premature, without prejudice to refiling in connection with a motion for summary judgment).

Sterling also seeks to prohibit the EEOC from questioning other witnesses about these matters. Sterling's Memorandum of Law [302], p. 5 of 7. Since this issue does not appear to have arisen in other depositions and the deadline for Stage I fact discovery has expired, I assume that this aspect of the motion is moot. Fourth Amended Stage I Case Management Order [324], ¶1 (setting May 13, 2013 as the fact discovery cutoff).

## CONCLUSION

For these reasons, Sterling's emergency motion to strike [301] is denied, without prejudice to renewal should the EEOC seek to use this testimony.

**SO ORDERED**

Dated: September 3, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
